# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **DAVID RAMIREZ** *Plaintiff,* | § § § § § § § § § § § |
| | CIVIL ACTION **5:19-CV-00919** |
| **SECRETARY OF VETERANS AFFAIRS** *Defendant(s).* | |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant SECRETARY OF VETERANS AFFAIRS (the "VA"), remove this action from the 224th Judicial District Court, Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, as follows:

### I.     STATE COURT ACTION

1. On May 28, 2019, Plaintiff DAVID RAMIREZ (hereinafter "Plaintiff" or "RAMIREZ") filed his live application (hereinafter "the Application") in the 224th Judicial District Court of BEXAR County, Texas styled *DAVID RAMIREZ vs, SECRETARY OF VETERANS AFFAIRS, AN OFFICER OF THE UNITED STATES,* and bearing Cause No. 2019-CI-10580.

2. In the State Court Action, Plaintiff seeks injunctive and other relief seeking to prevent his eviction from the real property located at 6002 Quiet Night Lane, Converse, TX 78109 (the "Property") and also, presumably, seeks to be declared as fee simple owner and the removal

of others' rights to and interest in the Property. Plaintiff asserts claims challenging the foreclosure and, presumably, to set aside the foreclosure sale of the Property.[1]

3.  This lawsuit was filed in the 224TH District Court of BEXAR County, Texas on May 28, 2019. Court records reflect Defendant SECRETARY OF VETERANS AFFAIRS has not yet been served.

## II.  PROCEDURAL REQUIREMENTS

4.  Removal is timely because thirty days have not elapsed since any defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1).

5.  Defendant VA is an officer or agency of the United States and as a result 28 U.S.C. § 1442 expressly provides for the removal of this action.

6.  In addition, removal is also warranted on the basis of diversity jurisdiction.

7.  This action is properly removed to this Court, as the lawsuit is pending within the district and division. See 28 U.S.C. § 1441; 28 U.S.C. § 124(d)(4).

8.  The United States District Court for the Western District of Texas, San Antonio Division has original jurisdiction over this action based both on the Defendant VA being an officer or agency of the United States and on diversity jurisdiction because Defendant(s) are now, and were at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. See 28 U.S.C. §§ 1331 and 1332(a).

9.  Pursuant to 28 U.S.C. § 1446(a) and Western District of Texas Local Rules, this Notice of Removal is accompanied by copies of the following materials:

---

[1] *See* Plaintiff's First Amended Application ¶¶ 3, 5; Plaintiff has not filed an actual Original Petition.

| Exhibit | Document |
|---|---|
| A | Civil Cover Sheet and Supplemental Civil Cover Sheet; |
| B | List of All Counsel of Record; |
| C | State court docket sheet and list of transactions for Case No.2019-CI-10580; |
| D | Index of Documents Filed in State Court; |
| E | Bexar County Central Appraisal District Residential Account Detail Report. |

10. Simultaneously with the filing of this Notice of Removal, Defendant VA is filing a copy of the Notice of Removal in the 224th Judicial District Court, Bexar County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.   DIVERSITY JURISDICTION

11. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.00.

   A.   **COMPLETE DIVERSITY EXISTS**

12. The State Court Action may be removed to this Court because it arises under 28 U.S.C. §1332 (Diversity of Citizenship).

13. Upon information and belief, Plaintiff is a citizen of Texas residing at 6002 Quiet Night Lane, Converse, TX 78109 (the "Property").[2]

14 The VA is an officer of a United States agency headquartered in Washington, D.C. Accordingly, diversity exists between the VA and Plaintiff.

---

[2]   Plaintiff's Application ¶ 1a.

17.     Because Plaintiff is a citizen of Texas and Defendant VA is not citizens of Texas, complete diversity exists between the parties.[3]

### B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

18.     Plaintiff seeks from the court a finding that the foreclosure sale of the Property was wrongful, to void the trustee's deed from this sale vesting title to the VA, as well as injunctive relief to maintain title to and possession of the property at issue.[4]  "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation."[5]  The court makes the amount in controversy determination from the perspective of the plaintiff; the proper measure is the benefit or value to the plaintiff, not the cost to the defendant.[6]  Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[7]  In addition, when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.[8]  Therefore, the amount in controversy with respect to Plaintiff's claims is the fair market value of the property.

19.     Further, the Court may also consider actual damages and attorney fees in determining the amount in controversy.[9]

---

[3]  28 U.S.C. § 1332(c)(1).
[4]  *See* Plaintiff's First Amended Application ¶ ¶ 3, 5; Plaintiff has not filed an actual Original Petition.
[5]  *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).
[6]  *Webb v. Investacorp, Inc.,* 89 F.3d 252, 257 n.1 (5th Cir. 1996).
[7]  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998).  I
[8]  *Nationstar Mortgage, LLC v. Knox*, No. 08-60887, 351 F. App. 844, 848 (5th Cir. Aug. 25, 2009) (*quoting Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)).
[9]  *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

20.     Given that Plaintiff seeks declaratory relief to void the foreclosure sale of the Property, the entire value of the Property is squarely at issue.[10] According to the Bexar County Appraisal District, the current fair market value of the Property is $444,840.[11]

21.     Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## IV.   CONCLUSION

WHEREFORE, the VA removes this action from the 224th Judicial District Court of BEXAR County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

*Respectfully Submitted,*
JACK O'BOYLE & ASSOCIATES

 */s/ Chris Ferguson*
Chris Ferguson
SBN: 24069714
chris@jackoboyle.com
Travis H. Gray
SBN: 24044965
travis@jackoboyle.com
P.O. BOX 815369
DALLAS, TX 75381
P: 972.247.0653 | F: 972.247.0642
*ATTORNEY FOR DEFENDANT VA*

---

[10]   *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 Fed. App'x at 848; *Martinez*, 777 F. Supp. 2d. at 1047; *Waller*, 296 F.2d at 547-548.

[11]   *See* Exhibit 7.

## **CERTIFICATE OF SERVICE**

      This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on July 31, 2019 to:

Matt Sossi
SBN: 00785016
16607 Blanco #1306
San Antonio, Texas 78232
P: 210-224-1667
F: 210-224-0710
E: mattsossi@bsossi.com
*Counsel for Plaintiff*

                                      */s/ Chris Ferguson*
                                      Chris Ferguson